1  EUGENE G. IREDALE, ESQ. (SBN: 75292)
   LAW OFFICES OF EUGENE G. IREDALE
2  105 West "F" Street, 4th Floor
   San Diego, California 92101-6036
3  TEL: (619) 233-1525 FAX: (619) 233-3221

4  Attorney for plaintiffs

FILED

09 FEB -6 PM 4: 16

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

'09 CV 0227 BEN AJB

JOSEFA GODINEZ MERIDA, an individual and     )   CASE NO.:
ESTATE OF NOE ROJAS, by its personal          )
representative Josefa Godinez Merida,         )   **COMPLAINT FOR:**
                                              )
            Plaintiffs,                        )   **(1) Right of Association**
                                              )       **42 U.S.C. 1983**
     v.                                        )
                                              )   **(2) Right of Association: Monell**
CITY OF SAN DIEGO, a municipal corporation,   )       **42 U.S.C. 1983**
JACK PEARSON, an individual, PAUL             )
GALANTE, an individual,  SAN DIEGO            )   **(3) Wrongful Death**
POLICE DEPARTMENT, WILLIAM                    )       **42 U.S.C. 1983**
LANSDOWNE, an individual, and DOES 1-20       )
inclusive,                                     )   **(4) Wrongful Death: Monell**
                                              )       **42 U.S.C. 1983**
            Defendants.                        )
                                              )   **(5) Excessive Force**
                                              )       **42 U.S.C. 1983**
                                              )
                                              )   **(6) Excessive Force: Monell**
                                              )       **42 U.S.C. 1983**
                                              )
                                              )   **(7) Failure to Properly Screen and Hire**
                                              )       **42 U.S.C. 1983**
                                              )
                                              )   **(8) Failure to Train, Supervise and**
                                              )       **Discipline**
                                              )       **42 U.S.C. 1983**
                                              )
                                              )   **(9) Failure to Supervise and Discipline**
                                              )       **42 U.S.C. 1983**
                                              )
                                              )
                                              )   DEMAND FOR JURY TRIAL
                                              )

1

**COMPLAINT**

COME NOW, JOSEFA GODINEZ MERIDA and the ESTATE OF NOE ROJAS, through its personal representative Josefa Godinez Merida, by their attorney of record, Eugene G. Iredale, and allege and complain as follows:

## I.
## GENERAL ALLEGATIONS

1.      Jurisdiction is founded upon the existence of a Federal Question.

2.      This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of California.

3.      Jurisdiction is founded upon 28 U.S.C. §1331, §1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of rights, privileges, and immunities secured to a plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

4.      This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367(a).

5.      Venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in San Diego, California.

6.      The matter in controversy exceeds, exclusive of interest and costs, the jurisdictional minimum of this court of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

7.      At all times relevant to this complaint, JOSEFA GODINEZ MERIDA was the mother of NOE ROJAS.

8.      At all times relevant to this complaint, Noe Rojas was an individual residing in San Diego County, California and his death as set forth in this complaint resulted in the creation of the ESTATE OF NOE ROJAS which brings this suit by its personal representative Josefa Godinez Merida, the mother of Noe Rojas.

9.      At all times relevant to this complaint, Defendant CITY OF SAN DIEGO was a municipal corporation operating in San Diego County, California.

10.      At all times relevant to this complaint, Defendants JACK PEARSON, PAUL

2

1  GALANTE and DOES 1-20, were San Diego police officers and agents of the CITY OF SAN

2  DIEGO.

3       11.    Plaintiffs are truly ignorant of the true names and capacities of DOES 1 through 20,

4  inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this

5  complaint once their identities have been ascertained as well as the facts giving rise to their liability.

6       12.    At all times relevant to this complaint, Defendant CITY OF SAN DIEGO (hereinafter

7  "City") was a municipal corporation operating in San Diego County, California.

8       13.    Defendant WILLIAM LANSDOWNE (hereinafter "Lansdowne") was the chief of

9  San Diego Police Department (hereinafter "Department") and a policy-maker

10       14.    These DOE defendants were agents, servants and employees of each other of the other

11  named defendants and were acting at all times within the full course and scope of their agency and

12  employment, with the full knowledge and consent, either expressed or implied, of their principal

13  and/or employer and each of the other named defendants and each of the defendants had approved or

14  ratified the actions of the other defendants thereby making the currently named defendants herein

15  liable for the acts and/or omissions of their agents, servants and/or employees.

16

17  **II.**
**FACTS**

18       15.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same

19  herein by this reference as if those paragraphs were set forth in full herein.

20       16.    On February 10, 2007, defendant San Diego County police officers Jack Pearson and

21  Paul Galante shot and killed Plaintiff Noe Rojas in San Diego, California.

22       17.    Noe Rojas was seventeen years old.

23       18.    Immediately before he was killed, Noe Rojas was driving his car.

24       19.    Defendants Jack Pearson and Paul Galante  pulled over Noe Rojas for making an

25  illegal u-turn.

26       20.    Noe Rojas pulled over into a driveway, but did not come to a stop.

27       21.    Defendants Jack Pearson and Paul Galante  shot Noe Rojas multiple times with their

28

**COMPLAINT**

1  guns, hitting him eight times.

2      22.    Noe Rojas died at the scene as a result of multiple gun shot wounds.

3      23.    As a result to Noe Rojas' death, his mother, plaintiff Josepha Godinez Merida, has

4  been deprived of her right of association, including but not limited to her right to speak with, write

5  to, read letters from, and have physical contact with her son.

6      24.    No action is pending in California for the administration of Noe Rojas' estate.

7      25.    Josepha Godinez Merida is Noe Rojas' successor in interest.

8      26.    Noe Rojas did not have a will or any form of testamentary interest when he was

9  killed.

10      27.    Noe Rojas was not married and had no children.

11

12                             **III.**

             **FIRST CAUSE OF ACTION**

13               **Right of Association – 42 U.S.C. 1983**

  **[By Plaintiff Josefa Godinez Merida against defendants Pearson, Galante and Does 1-20]**

14

15      28.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same

herein by this reference as if those paragraphs were set forth in full herein.

16

17      29.    Defendants and DOES 1-20, inclusive, acting under color of state law, deprived Noe

Rojas of his rights under the United States Constitution to be free from the use of excessive force by

18  law enforcement, punishment without due process and unlawful stop, search and seizure without

19  reasonable suspicion and probable cause.

20      30.    By these acts, the defendants violated Noe Rojas' constitutional rights to be free from

21  excessive force, punishment without due process of law, cruel and unusual punishment, and all rights

22  guaranteed under the Fourth and Fourteenth Amendments.

23      31.    The improper and unjustified use of deadly force used was unreasonable and

24  excessive and performed with a deliberate indifference to the safety and welfare of Noe Rojas.

25      32.    The shooting of a cornered man posing no risk of harm to person or property is

26  objectively unreasonable and the actions of the defendants in that regard were such that no

27  reasonable officer would have considered the use of force to be justified thereby violating Noe

28

4

**COMPLAINT**

1  Rojas' Fourth Amendment guarantee to be free from unreasonable seizures thereby causing the

2  above pled deprivation of substantive due process.

3      33.    The deprivation of the rights alleged above has destroyed the Constitutional rights of

4  his mother JOSEFA GODINEZ MERIDA to the familial love, society and companionship of her son

5  Noe Rojas which is protected by the substantive due process clause of the Fourteenth Amendment.

6      34.    The conduct alleged herein violated Noe Rojas' rights alleged above thereby resulting

7  in a deprivation of plaintiffs' rights alleged above which has legally, proximately, foreseeably and

8  actually caused plaintiffs to suffer emotional distress, pain and suffering, and further damages

9  according to proof at the time of trial.

10

11                          **IV.**
                 **SECOND CAUSE OF ACTION**
12        **Right of Association – 42 U.S.C. 1983 Monell**
   **[By Plaintiff Josefa Godinez Merida against City of San Diego, San Diego Police Department,**
13                      **Lansdowne and Does 1-20]**

14

15      35.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same

   herein by this reference as if those paragraphs were set forth in full herein.
16
       36.    The CITY, the DEPARTMENT and Defendant LANSDOWNE, also maintained a
17
   custom, policy or practice, within the meaning of Monell, of using excessive force against Latino
18
   males. The CITY also maintained an unconstitutional force policy regarding the use of alternative
19
   force.
20
       37.    The defendants knew it should arm and train its officers in the use of alternative uses
21
   of force such as the taser or stun-gun. Defendants knew for over a year that it could save lives by
22
   training its deputies in the use of alternative force and changing its policy regarding us of force so
23
   that an alternative to deadly force was available to the deputies.
24
       38.    This unconstitutional policy and refusal to train and employ tasers was a direct cause
25
   of the death of Noe Rojas in this case.
26
       39.    The deprivation of the rights alleged above has destroyed the Constitutional rights
27
   JOSEFA GODINEZ MERIDA to the familial love, society and companionship of her son Noe Rojas
28

                                    5
                              **COMPLAINT**

1   which is protected by the substantive due process clause of the Fourteenth Amendment.

2       40.    The conduct alleged herein has legally, proximately, foreseeably and actually caused

3   plaintiffs to suffer emotional distress, pain and suffering, and further damages according to proof at

4   the time of trial.

**V.**
**THIRD CAUSE OF ACTION**
**Wrongful Death – 42 U.S.C. §§ 1983, 1988**
**[By the Estate of Noe Rojas against Defendants Pearson, Galante and Does 1-20]**

        41.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same

herein by this reference as if those paragraphs were set forth in full herein.

        42.    Defendants Pearson and Galante and DOES 1-20, inclusive, acting under color of

state law, committed wrongful acts which proximately caused the death of Noe Rojas.

        43.    Specifically, the defendants Pearson and Galante and DOES 1-20, inclusive, deprived

Noe Rojas of his rights under the United States Constitution to be free from the use of excessive

force by law enforcement, punishment without due process and unlawful stop, search and seizure

without reasonable suspicion, probable cause and due process.  These acts resulted in the death of

Noe Rojas.

        44.    By these acts, the defendants violated Noe Rojas' Constitutional rights to be free from

excessive force, punishment without due process of law, cruel and unusual punishment, and all rights

guaranteed under the Fourth and Fourteenth Amendments.

        45.    The officers used excessive force as alleged above against Noe Rojas, with a purpose

to cause harm that is unrelated to the legitimate use of force.

        46.    The force was used to make Noe Rojas suffer and to punish him.

        47.    The force used was unreasonable and performed with a deliberate indifference to the

safety and welfare of Noe Rojas.

        48.    The shooting of a teenage boy posing no risk of harm to person or property is

objectively unreasonable.  No reasonable officer would have considered the use of force to be

justified thereby violating Rojas' Fourth Amendment guarantee to be free from unreasonable

seizures.

6

**COMPLAINT**

**VI.**
**FOURTH CAUSE OF ACTION**
**Wrongful Death – 42 U.S.C. §§ 1983, 1988 Monell**
**[By the Estate of Noe Rojas against the City of San Diego, San Diego Police Department, Lansdowne and Does 1-20]**

49.     Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

50.     The CITY, the DEPARTMENT, LANSDOWNE and DOES 1-20 also maintained a custom, policy or practice, within the meaning of Monell, of using excessive force against Latino males.

51.     The CITY, the DEPARTMENT, LANSDOWNE and DOES 1-20 also maintained an unconstitutional force policy regarding the use of alternative force.  Defendants knew it should arm and train its officers in the use of alternative uses of force such as the taser or stun-gun.

52.     Defendants knew for over a year that it could save lives by training its deputies in the use of alternative force and changing its policy regarding use of force so that an alternative to deadly force was available to the officers.

53.     The conduct alleged herein violated Noe Rojas' rights alleged above, thereby resulting in a deprivation of plaintiff' rights alleged above which has legally, proximately, foreseeably and actually caused plaintiffs to suffer emotional distress, pain and suffering, and further general and special damages according to proof at the time of trial.

**VII.**
**FIFTH CAUSE OF ACTION**
**Excessive Force – 42 U.S.C. 1983**
**[By the Estate of Noe Rojas against Pearson, Galante and Does 1-20]**

54.     Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

55.     Defendants Pearson and Galante and DOES 1-20, inclusive, acting under color of state law, committed wrongful acts which proximately caused the death of Noe Rojas.

56.     Specifically, the defendants Pearson and Galante and DOES 1-20, inclusive, deprived Noe Rojas of his rights under the United States Constitution to be free from the use of excessive

7

**COMPLAINT**

1   force by law enforcement, punishment without due process and unlawful stop, search and seizure

2   without reasonable suspicion, probable cause and due process.  These acts resulted in the death of

3   Noe Rojas.

4       57.     By these acts, the defendants violated Noe Rojas' constitutional rights to be free from

5   excessive force, punishment without due process of law, cruel and unusual punishment, and all rights

6   guaranteed under the Fourth and Fourteenth Amendments.

7       58.     The defendants used excessive force as alleged above against Noe Rojas, with a

8   purpose to cause harm that is unrelated to the legitimate use of force.

9       59.     The force was used to make Noe Rojas suffer and to punish him.

10      60.     The force used was unreasonable and performed with a deliberate indifference to the

11  safety and welfare of Noe Rojas.

12      61.     The shooting of an unarmed teenager posing no risk of harm is objectively

13  unreasonable.  No reasonable officer would have considered the use of force to be justified.

14      62.     The conduct alleged herein violated Noe Rojas' rights alleged above, thereby

15  resulting in a deprivation of plaintiff' rights alleged above which has legally, proximately,

16  foreseeably and actually caused plaintiffs to suffer emotional distress, pain and suffering, and further

17  general and special damages according to proof at the time of trial.

18
## VIII.
### SIXTH CAUSE OF ACTION
**Excessive Force – 42 U.S.C. 1983 Monell**

19

**[By the Estate of Noe Rojas against the City of San Diego, San Diego Police Department,
Lansdowne and Does 1-20]**

20

21      63.     The CITY, the DEPARTMENT, LANSDOWNE and DOES 1-20 maintained a

22  custom, policy or practice, within the meaning of Monell, of using excessive force.

23      64.     The CITY, the DEPARTMENT, LANSDOWNE and DOES 1-20 also maintained an

24  unconstitutional force policy regarding the use of alternative force.  Defendants knew it should arm

25  and train its officers in the use of alternative uses of force such as the taser or stun-gun.

26      65.     Defendants knew for over a year that it could save lives by training its deputies in the

27  use of alternative force and changing its policy regarding use of force so that an alternative to deadly

28  force was available to the officers.

8

**COMPLAINT**

1    66.    The conduct alleged herein violated Noe Rojas' rights alleged above, thereby

2  resulting in a deprivation of plaintiff's rights alleged above which has legally, proximately,

3  foreseeably and actually caused plaintiffs to suffer emotional distress, pain and suffering, and further

4  general and special damages according to proof at the time of trial.

5
                                   **IX.**
6                      **SEVENTH CAUSE OF ACTION**
               **Failure to Properly Screen and Hire: Monell**
7                          **42 U.S.C. § 1983**
       **[By the Estate of Noe Rojas against the City of San Diego, San Diego Police Department,**
8                          **Lansdowne and Does 1-20]**

9    67.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same

10  herein by this reference as if those paragraphs were set forth in full herein.

11    68.    The CITY, the DEPARTMENT, LANSDOWNE, and DOES 1-20 as a matter of

12  custom, practice and policy, failed to adequately and properly screen and hire the defendant

13  employees.

14    69.    The failure of the defendants, their agents, servants and employees to properly screen

15  and hire the defendant police officers as a matter of policy, custom and practice, in the exercise of

16  their functions, was deliberately indifferent to the Constitutional rights of plaintiff and done with

17  conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated.

18    70.    Due to the acts of the defendants, the failure to properly screen and hire police

19  officers  and the continued employment of the defendant police officers present a clear and present

20  danger to the residents of the city of San Diego.

21    71.    The lack of adequate screening and hiring practices by the defendants evince

22  deliberate indifference to the rights of plaintiff and others in his position.

23    72.    Therefore, these defendants, with deliberate indifference, disregarded a duty to protect

24  the public from official misconduct.

25    73.    The conduct alleged herein violated Mr. Rojas' rights alleged above which has

26  legally, proximately, forseeably and actually caused Mr. Rojas to suffer emotional distress, pain and

27  suffering, and further damages according to proof at the time of trial.

28

**COMPLAINT**

## X.
## EIGHTH CAUSE OF ACTION
### Failure to Properly Train
### 42 U.S.C. § 1983
**[By the Estate of Noe Rojas against the City of San Diego, San Diego Police Department, Lansdowne and Does 1-20]**

74.     Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

75.     The CITY, the DEPARTMENT, LANSDOWNE, and DOES 1-20 as a matter of custom, practice and policy, failed to maintain adequate and proper training for police officers in the department necessary to educate the officers as to the Constitutional rights of arrestees; to prevent the consistent and systematic use of excessive force by arresting officers; and to prevent the excessive force and extra judicial punishment of potential arrestees by officers.

76.     The CITY, the DEPARTMENT, LANSDOWNE, and DOES 1-20 failed to provide adequate training to police officers that hold the power, authority, insignia, equipment and arms entrusted to them.

77.     Defendants failed to promulgate and enforce adequate policies and procedures related to alternatives to the use of deadly force, including the taser or stun-gun.

78.     Said custom, practice and policy included a failure to adequately investigate, supervise and discipline offending officers which fostered the custom, practice and policy within the San Diego Sheriff's Department which resulted in the above-pled injuries to Noe Rojas.

79.     Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

80.     The failure to promulgate or maintain constitutionally adequate policies regarding training was done with deliberate indifference to the rights of plaintiff and others in his position.

81.     The Constitutionally infirm lack of adequate training as to the officers in this case caused plaintiff's damages.

////

////

////

**COMPLAINT**

**XI.**
**NINTH CAUSE OF ACTION**
**Failure to Properly Supervise and Discipline**
**42 U.S.C. § 1983**
**[[By the Estate of Noe Rojas against the City of San Diego, San Diego Police Department,**
**Lansdowne and Does 1-20]**

82.     Plaintiffs  reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

83.     The CITY, the DEPARTMENT, LANSDOWNE and DOES 1-20 failed to provide adequate supervision and discipline to police officers that hold the power, authority, insignia, equipment and arms entrusted to them. Defendants failed to promulgate and enforce adequate policies and procedures related to alternatives to the use of deadly force, including the taser or stun-gun.

84.     Said custom, practice and policy included a failure to adequately investigate, supervise and discipline offending officers which fostered the custom, practice and policy within the San Diego Sheriff's Department which resulted in the above-pled injuries to Noe Rojas.

85.     Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

86.     The failure to promulgate or maintain constitutionally adequate policies regarding training, investigation, supervision and discipline was done with deliberate indifference to the rights of plaintiff and others in his position.

87.     The Constitutionally infirm lack of adequate training as to the officers in this case caused plaintiff's damages.

WHEREFORE, plaintiff pleads for judgment as follows:

1.   General damages, including emotional distress, according to proof at the time of trial;
2.   Special damages according to proof at the time of trial;
3.   Any further declaratory relief as this Court deems just;
4.   Costs of suit incurred herein; and
5.   Exemplary damages and attorney fees.

11

**COMPLAINT**

1

2   DATED: February 6, 2009                  Law Offices of Eugene G. Iredale

3

4                                     By:_____

5                                      Eugene G. Iredale, Esq., attorney for
                                     JOSEFA GODINEZ MERIDA and

6                                      ESTATE OF NOE ROJAS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

JOSEFA GODINEZ MERIDA, an individual and ESTATE OF NOE ROJAS, by its personal representative Josefa Godinez Merida,

**DEFENDANTS**

City of San Diego, Jack Pearson, Paul Galante, San Diego Police Department, William Lansdowne, City of San Diego; et al

(b)  County of Residence of First Listed Plaintiff   Mexico
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   City of San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)

Eugene G Iredale, 105 West F Street, San Diego, Ca 92101 (619)233-1525

Attorneys (If Known)

'09 CV 0227 BEN AJB

## II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT     (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN     (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983

Brief description of cause:
Violation of Plantiff's civil rights / Excessive force

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE   2/6/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  159801     AMOUNT  $350     APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CR   LAC   2/6/09

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 159801    —  TC

February 06, 2009
16:18:56

Civ Fil Non-Pris

: 09CV0227
Judge : ROGER T BENITEZ
Amount :                $350.00 CK
Check : 1922

Total->    $350.00

MERIDA VS CITY OF SAN DIEGO