cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEFA GODINEZ MERIDA, et al., | ) | Civil No.09cv0227 BEN (AJB) |
| Plaintiff, | ) | |
| v. | ) | Order on Joint Statement |
| | ) | Re: Discovery Dispute |
| CITY OF SAN DIEGO, et al., | ) | |
| | ) | [Doc. No. 27] |
| Defendants. | ) | |

On May 14, 2010, the parties filed a joint statement regarding a discovery dispute involving an 83 page Internal Affairs ("IA") memo pertaining to Officer Galante's October 26, 2006 accidental discharge of another officer's firearm while off duty. The IA memo was simultaneously submitted for in camera review by this Court. The Plaintiff contends the requested information is relevant not only to the issue of whether Defendant Paul Galante's use of deadly force on February 10, 2007 in discharging his firearm was justified, but is also relevant to the issue of whether Defendant San Diego Police Department ("SDPD") properly trained, supervised and disciplined Defendant Galante's negligent or deliberate discharge of firearms. The Defendant's object to disclosure of the IA memo based on claims of official privilege, state law, and lack of relevance to the Plaintiff's claim.

### *Relevant Factual Background*

The Plaintiff commenced this action against Officer Paul Galante, Officer Jack Pearson, the San Diego Chief of Police, William Landsdowne, and the San Diego Police Department by filing a complaint on February 6, 2009, alleging the following causes of action: 1) violation of the right of

familial association under 42 U.S.C. §1983; 2) a Monell claim based upon the right of association; 3) a wrongful death claim under 42 U.S.C. §1983; 4) a Monell claim based upon wrongful death; 5) excessive force claim under 42 U.S.C. §1983; 6) a Monell claim based upon the use of excessive force; 7) a Monell claim based upon the failure to properly screen and hire; 8) a Monell claim based upon the failure to properly train; and 9) a Monell claim based upon the failure to properly supervise and discipline. *See* Doc. No. 1.

These claims arose out of the wrongful death of Noe Rojas, a seventeen year old boy who was shot and killed by Defendants, SDPD Officers Jack Pearson and Paul Galante on February 10, 2007. *Id.* at 3. The incident in question occurred after Officers Pearson and Galante pulled Noe Rojas over for making an illegal u-turn and fired seventeen rounds, striking him eight times and causing his death. *Id.* Officer Galante fired fourteen of the seventeen rounds. Noe Rojas was unarmed at the time and died at the scene. *Id.* at 4.

On October 9, 2010, Plaintiff served a request for production of documents and the Defendants produced a privilege log from which the Plaintiffs narrowed the scope of their request. Among the documents withheld by Defendants was an 83 page IA file regarding Officer Galante's 2006 accidental discharge of another officer's firearm while off duty.

### *Discussion*

Federal Rule of Civil Procedure 26(c) provides that a court may limit discovery to protect from annoyance, embarrassment, oppression, or undue burden or expense. Federal common law recognizes a qualified privilege for official information. *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir.1975), *aff'd,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Government personnel files are considered official information. *See, e.g., Zaustinsky v. University of Cal.*, 96 F.R.D. 622, 625 (N.D. Cal.1983), *aff'd*, 782 F.2d 1055 (9th Cir.1985). In determining what level of protection to afford the official information privilege, courts balance the interests of the party seeking discovery against the interests of the governmental entity asserting the privilege. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D. Cal. 1987). The party requesting the information must describe how the information sought is "reasonably calculated to lead to discovery of admissible evidence, identifying interests . . . that would be harmed if the material were not disclosed, and specifying how that harm would occur and

how extensive it would be." *Id*. at 671.  The courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-85 (5th Cir.1980); *Zaustinsky*, 96 F.R.D. at 625.

      At issue in this motion is an 83 page IA report discussing Officer Galante's accidental discharge of another officer's firearm while off duty.  In examining the Plaintiff's request for this report, the Court looks at: 1) the relevancy of the information to the claims or defenses in this case; 2) the availability of the information from other sources; and 3) the relative proximity of these two events.  The Plaintiff asserts that the IA report is relevant to the investigation, discipline, training and supervision of Officer Galante by the SDPD after the first allegation of misuse of a firearm as well as the Plaintiff's *Monnel* claims.  The Court has reviewed the IA report and finds that it is relevant for discovery purposes regarding the Plaintiff's claims, the information is not available from another source and there was less than four months between the accidental discharge by Officer Galante on October 26, 2006 and Officer Galante's February 10, 2007 use of deadly force which is the subject of the instant complaint.

      The Defendants' argue that the Court should deny the Plaintiff's motion.  Defendants contend, based on the declaration of the Executive Assistant Chief of Police David Ramirez, that the privilege against disclosure of official information should apply here and preclude disclosure.[1]  However, because the qualified privilege against disclosure of information is not absolute and is subjected to a balancing test,[2] a general claim of harm to the public interest is not sufficient to overcome the Defendant's burden. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D. Cal. 1987).  The Court has found the IA report to be relevant to the Plaintiff's claims and the need for this information far outweighs the potential disadvantages of disclosure.  Here, as in other civil rights cases against police departments, the IA report sought by the Plaintiff is in the possession of the SDPD and substitute documentation can not be

---

[1] Specifically, the Defendants argue that disclosure will undermine the ability of the SDPD to conduct fair and through investigations into complaints of police misconduct, will erode the confidence of police officers and citizens involved in the investigatory process, will undermine and negatively affect the morale of all police officers in the SDPD, and will seriously disrupt the operation of the SDPD.

[2] In the context of civil rights suits against police departments, this balancing approach should be "moderately pre-weighted in favor of disclosure." *See Kelly v. City of San Jose*, 114 F.R.D., 653, 661 (N.D. Cal.1987).

provided by a comparable source. Moreover, the Defendant's concern, as expressed by Chief of Police David Ramirez, can be minimized by a carefully drafted protective order. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-85 (5th Cir.1980); *Zaustinsky*, 96 F.R.D. at 625. However, while the Plaintiff asserts that a "carefully drafted protective order, [is one in which] only the Plaintiff and his lawyer have access to the material," given the Defendants concerns and the sensitive nature of the IA report, the Court sees no need for the Plaintiff to have access.

### *Conclusion*

For the reasons set forth above, Plaintiffs' motion to compel is hereby GRANTED. The parties are ORDERED to meet and confer regarding the terms of the protective order and to filed a joint motion for protective order ***on or before July 16, 2010***. Defendants shall produce the IA report to Plaintiff's counsel ***within five (5) days of the protective order being approved by this Court.***

IT IS SO ORDERED.

DATED: July 1, 2010

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court